UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

APR 17 2008

RONALD RAY HUDNALL,           )
                              )   3:07-CV-0591-BES (VPC)
   Plaintiff,                 )
                              )
vs.                           )   **REPORT AND RECOMMENDATION**
                              )   **OF U.S. MAGISTRATE JUDGE**
JAMES BENEDETTI, et al.,      )
                              )
   Defendants.                )   April 17, 2008
                              )

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants James Bendetti, Jeffrey Wiley and Bruce Flom's motion to dismiss (#9). Plaintiff failed to file an opposition. The court has thoroughly reviewed the record and recommends that defendants' motion to dismiss (#9) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Ronald Hudnall ("plaintiff") is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Northern Nevada Correctional Center ("NNCC"). Plaintiff filed this case in the First Judicial District Court of Nevada and defendants removed the action to this court on January 12, 2008 (#1). In his complaint, plaintiff alleges violations of his Eighth and Fourteenth Amendment rights when he was disciplined for smoking in an unauthorized area of the prison (#8). Specifically, plaintiff alleges defendants wrote a false notice of charges of against him in violation of his right to due process and equal protection. *Id.* Plaintiff further alleges that the sanction imposed on him at the disciplinary hearing constituted cruel and unusual punishment *Id.*

On March 4, 2008, defendants filed their motion to dismiss (#9). On March 5, 2008, the court issued its standard order pursuant to *Klingele v. Eikenberry*, informing plaintiff of his rights and responsibilities in responding to dispositive motions (#10). To date, plaintiff has failed to file an opposition to defendants' motion to dismiss and has failed to request additional time in which to do so.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (*quoting Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). However, Rule 12 provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b)(6). Notwithstanding this rule, "a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleadings happen to be filed with the court." *North Star Intern. v. Arizona Corp. Com'n*, 720 F.2d 578, 582 (9th

Cir. 1983). Conversion to summary judgment is at the discretion of the court and the court must take some affirmative action before conversion is effected. *Swedberg v. Marotzke*, 339 F.3d 1139, 1143-44 (9th Cir. 2003).

### B. Analysis

Defendants argue that plaintiff failed to exhaust his administrative remedies prior to filing his complaint (#9, pp.408). The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002). Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Id.* at 741. The Supreme Court has strictly construed section 1997e(a). *Id.*, n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

The NDOC grievance procedure is governed by A.R. 741 (#9, Exhibit 2). In order to exhaust available remedies, A.R. 741 requires as follows: (1) an informal review process; (2) a first level formal written grievance appealing the informal grievance decision to the warden; and (3) a second level grievance appealing the first level grievance decision, which is decided by the Assistant Director of Operations, the Assistant Director of Support Services, the Offender Management Administrator, Medical Director, or Correctional Programs Administrator. *Id.*

On May 4 and 9, 2007, plaintiff filed an informal and first level grievances appealing the disciplinary hearing (#9, Exhibit 3). Acting Warden James Benedetti responded to plaintiff's grievances by upholding the findings at the disciplinary hearing. *Id.* Plaintiff failed to exhaust his administrative remedies by failing to file a second level grievance. *Id.* at Exhibit 4. Nevertheless, plaintiff proceeded to file his complaint in the First Judicial District Court of Nevada.

3

Local Rule 7-2 states "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). By failing to the oppose the motion, plaintiff consents to defendants' arguments pursuant to Local Rule 7-2(d).

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff did not exhaust his administrative remedies. Therefore, the court recommends that defendants' motion to dismiss (#9) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#9) be **GRANTED**.

**DATED:** April 17, 2008.

_____
UNITED STATES MAGISTRATE JUDGE